UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Coleman, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-2314 (EGS) |
| Washington Hospital Center Corp., *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motions to dismiss. For the reasons discussed below, the motions will be granted.

I.  BACKGROUND

*Civil Action No. 09-2314*
*United States District Court for the District of Columbia*

Plaintiff, a Maryland resident, Compl. ¶ 1, brings this diversity action, *see id.* ¶ 32, arising from medical treatment rendered in or about 2006 at the Washington Hospital Center ("WHC") by Pamela Randolph, M.D. ("Dr. Randolph"), a radiologist, *see id.* ¶¶ 3-5, and "a host of other medical staff and radiology technicians," *id.* ¶ 6, in Washington, D.C.

Upon his diagnosis for nasopharyngeal carcinoma, plaintiff received "combined chemotherapy and radiation treatment." Compl. ¶ 7. According to plaintiff, he was told that "this treatment has a high rate of cure" and Dr. Randolph "convinced [plaintiff] and his wife that nothing would go wrong from his radiation treatment." *Id.* ¶ 9. Plaintiff allegedly was not

1

warned that cervical radiation myelitis was a potential side effect of radiation treatment. *Id.* ¶ 8. Shortly after one of his radiation treatments, plaintiff "experienced severe pain throughout his entire body," *id.* ¶ 10, paralysis in his right arm and leg, *id.* ¶ 11, and "a burning sensation from his head to his hip, all about his spinal area," *id.* ¶ 14. Dr. Randolph allegedly "refused to believe that his condition could be due to cervical radiation myelitis." *Id.* ¶ 18. Test results, however, allegedly revealed that the radiation "had . . . 'burnt his spine,' and that he was suffering from cervical radiation myelitis secondary to radiation therapy for nasopharyngeal carcinoma." *Id.* ¶ 20. This condition required additional medical treatment, *id.* ¶ 23, and plaintiff was admitted to WHC on December 12, 2006, *id.* ¶ 22. Plaintiff was rendered "totally disabled and unable to work," *id.* ¶ 25, suffering among other effect "recurring problems urinating," *id.* ¶ 26, and he continues to experience severe back pain, *id.* ¶ 30, as well as physical and emotional distress, *id.* ¶ 17.

In this medical malpractice action, *see* Compl. ¶¶ 37-45, plaintiff demands a declaratory judgment and an award of $7 million as compensation for pain and suffering, lost wages and "enjoyment of life as a result of [defendants'] negligence," *id.* ¶ 48.

Review of the docket reveals that plaintiff submitted the instant complaint to the Clerk of Court on November 27, 2009.[1] On December 16, 2009, the Clerk issued summonses and caused service of process to be effected on the defendants. *See* 12/16/2009 Docket Entry. Dr. Randolph was served on December 22, 2009, Mem. of P. & A. in Supp. of Prelim. Mot. to Dismiss Pl.'s

---

[1] The Clerk of Court received plaintiff's *pro se* complaint [Dkt. #1] and his application to proceed without prepayment of fees [Dkt. #2] on November, 27, 2009, as evidenced by the "received" stamp in the lower left corner of the first page of each document. The Court granted plaintiff's application on December 3, 2009, and the documents were officially entered onto the Court's electronic docket as of December 7, 2009.

Compl. on Behalf of Def. Pamela Randolph, M.D. ("Randolph Mem."), Ex. B ("Randolph-Jackson Aff.") ¶ 2, and counsel filed a motion to dismiss on her behalf [Dkt. #3] on December 29, 2009. WHC's agent was served on December 28, 2009, Mem. of P. & A. in Supp. of Prelim. Mot. to Dismiss Pl.'s Compl. on Behalf of Def. Wash. Hosp. Ctr. ("WHC Mot."), Ex. B (Service of Process Transmittal), and a motion to dismiss was filed on WHC's behalf [Dkt. #5] on January 8, 2010.

*Civil Action No. 2009 CA 008925 M*
*Superior Court of the District of Columbia*

On December 2, 2009, plaintiff filed an identical complaint in the Superior Court of the District of Columbia. *See* Randolph Mem., Ex. C (Complaint, *Coleman v. Wash. Hosp. Ctr.*, Civil Action No. 8925-09 (Dist. of Columbia Super. Ct. Dec. 2, 2009)). Dr. Randolph was served on December 7, 2009, Randolph-Jackson Aff. ¶ 1, and WHC's agent was served on December 17, 2009, WHC Mem., Ex. C (Service of Process Transmittal). Counsel entered an appearance and filed a motion to dismiss on behalf of both defendants on December 22, 2009. WHC Mem. at 2; *see id.*, Ex. E (electronic proof of service).

On February 23, 2010, the Superior Court granted defendants' motion to dismiss. In relevant part, its dismissal order read:

> Pursuant to the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, *et seq.* (hereinafter the "Act"), a person intending to bring an action against a health care provider alleging medical malpractice must provide notice to the intended defendant not less than ninety days before filing the Complaint. D.C. Code § 16-2802(a).
>
> The aim of the Act is to bar suits when proper notice is not given, although nothing "shall prevent the court from waiving the requirements of § 16-2802 upon a showing of good faith effort to comply or if the interests of justice dictate." D.C. Code § 16-

3

> 2804(b). The Court of Appeals recently held that the trial court must dismiss a case for lack of subject matter jurisdiction when a plaintiff does not provide the 90-day notice as required by the Act. *See Lacek v. Wash. Hosp. Ctr. Corp.*, 978 A.2d 1194, 1201 (D.C. 2009) (affirming dismissal of Complaint for plaintiff's failure to comply with the 90-day notice requirement of the Act). The notice requirement of the Act places a straightforward and minimal burden on all plaintiffs bringing medical malpractice suits. Plaintiff has not demonstrated a good faith effort to comply, nor that the interests of justice dictate waiver of the notice requirement in this case, and therefore the Court lacks subject matter jurisdiction over plaintiff's Complaint and it must be dismissed.

Reply to the Pl.'s Resp. to the Defs.' Motion to Dismiss [Dkt. #8], Ex. 1 (Order Granting Preliminary Motion to Dismiss Plaintiff's Complaint on Behalf of Defendants Washington Hospital Center Corp. and Pamela Randolph, M.D. and Denying Counter-Motion to Waive the 90-Day Requirement, Civil Action No. 2009 CA 008925 M (Dist. of Columbia Super. Ct. Feb. 23, 2010)) at 1-2.

*Civil Action No. 2010 CA 004103 M*
*Superior Court of the District of Columbia*

Plaintiff "re-established duplicative litigation," Supplement to Defs.' Reply to the Pl.'s Second Resp. to the Defs.' Mot. to Dismiss [Dkt. #11] at 1, by filing yet another civil action against these same defendants in the Superior Court on June 3, 2010, *id.*, Ex. A (Complaint, *Coleman v. Wash. Hosp. Ctr.*, Civil Action No. 2010 CA 004103 M (Dist. of Columbia Super. Ct. June 3, 2010). The Superior Court dismissed this action with prejudice because plaintiff's medical malpractice claim was barred by the statute of limitations, *see* D.C. Code § 12-301. Second Supplement to Defs.' Reply to the Pl.'s Second Resp. to the Defs.' Mot. to Dismiss [Dkt. #13], Ex. (Order, *Coleman v. Wash. Hosp. Ctr.*, Civil Action No. 2010 CA 004103 M (Dist. of Columbia Super. Ct. Aug. 2, 2010)) at 2.

## II. DISCUSSION

WHC and Dr. Randolph argue that "plaintiff must not be permitted to maintain two identical lawsuits, which involve the same parties, same claims, same set of facts, and which seek the same remedy, . . . in both this Court and in the Superior Court of the District of Columbia." WHC Mem. at 3; *see* Randolph Mem. at 3. They ask that this Court abstain from exercising jurisdiction over plaintiff's claims and move to dismiss the complaint in its entirety.

Plaintiff counters that the first of his Superior Court suit was "dismissed for a procedural issue, lack of subject matter jurisdiction." Resp. to Mot. to Dismiss [Dkt. #9] ¶ 1; *see* Resp. to Mot. to Dismiss [Dkt. #7] ¶¶ 1, 3. For this reason he argues not only that the defendants' argument is irrelevant, Resp. to Mot. to Dismiss [Dkt. #9] ¶ 4, but also that their motion should be denied as moot, *id.* ¶ 5; *see* Resp. to Mot. to Dismiss [Dkt. #7] ¶ 3.

Generally, a federal district court is obliged "to adjudicate a controversy properly before it," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (citation omitted), and should not "dismiss a suit merely because a State court could entertain it," *id.* (citation omitted). Under the doctrine of abstention, however, a district court "may decline to exercise or postpone the exercise of its jurisdiction," but may do so "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* "Countervailing interests identified by the Supreme Court include . . . federalism and comity." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 351 (D.C. Cir. 2003).

Now that both of plaintiff's Superior Court actions have been dismissed, it appears that abstention is no longer a valid basis for dismissal. The Court turns, then, to defendants'

alternative argument. If the Court were to "find[] that duplicative litigation is not currently proper grounds for dismissal," Reply to the Pl.'s Resp. to Defs.' Mot. to Dismiss [Dkt. #8] ¶ 6, defendants argue that, applying District of Columbia law, this Court should dismiss plaintiff's suit for lack of subject matter jurisdiction, as did the Superior Court with respect to the first of his two suits, Civil Action No. 2009 CA 008925 M, *see id.* ¶ 8.

In this diversity action, the Court applies the law of the District of Columbia. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); *Rogers v. Ingersoll-Rand Co.*, 144 F.3d 841, 843 (D.C. Cir. 1998) (applying law of the District of Columbia in a diversity action and, "[w]hen interpreting the common law of the District of Columbia, . . . follow[ing] the decisions of the District of Columbia Court of Appeals, which is, for *Erie* doctrine purposes, treated as if it were the highest court of the state"); *Davis v. Grant Park Nursing Home LP*, 639 F. Supp. 2d 60, 64 (D.D.C. 2009) ("Under the so-called '*Erie* doctrine,' federal courts sitting in diversity look to state law for rules of decision with respect to substantive matters.").

District of Columbia law requires that "[a] person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his . . . action not less than 90 days prior to filing the action." D.C. Code § 16-2802(a). The term healthcare provider "means an individual or entity licensed or otherwise authorized under District law to provide healthcare service, including a hospital, . . . physician . . ., or other individual health care practitioner." D.C. Code § 16-2801(2). "A legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section

have been satisfied." D.C. Code § 16-2802(c).

Without question, plaintiff's complaint alleges medical malpractice by heathcare providers operating in the District of Columbia, and plaintiff therefore was obligated to notify the defendants of his action at least 90 days prior to its filing. Plaintiff does not allege that he has complied with the notice requirement, and he makes no showing of a good faith effort which might persuade the Court to "excuse the failure to give notice within the time prescribed." D.C. Code § 16-2802(a). Nor is there a basis for the Court to "waiv[e] the requirements of § 16-2802," such as a showing by plaintiff of a "good faith effort to comply or [that] the interests of justice dictate" a waiver. D.C. Code § 16-2804(b). His failure to notify defendants timely deprives this Court of subject matter jurisdiction. *Lacek v. Wash. Hosp. Ctr. Corp.*, 978 A.2d 1194 (D.C. 2009) (affirming dismissal for lack of subject matter jurisdiction where plaintiff filed a medical malpractice action just four days before notifying the hospital of her intent to sue); *Diffenderfer v. United States*, 656 F. Supp. 2d 137 (D.D.C. 2009) (granting pharmacy defendants' motion to dismiss to a medical malpractice suit brought by a plaintiff who had not given proper notice under D.C. Code § 16-2802); *Davis*, 639 F. Supp. 2d at 72-73 (dismissing without prejudice medical malpractice claims against healthcare providers because plaintiff had not complied with the notice requirements of D.C. Code § 16-2802). Plaintiff cannot avoid the notice requirements of D.C. Code § 16-2802 "merely by filing a diversity action in federal court." *Davis*, 639 F. Supp. 2d at 72 (quoting *Bledsoe v. Crowley*, 849 F.2d 639, 643 (D.C. Cir. 1988).

III. CONCLUSION

The Court will grant defendants' motions and will dismiss this action for lack of subject matter jurisdiction. An Order accompanies this Memorandum Opinion.

Signed:        EMMET G. SULLIVAN
                   United States District Judge

Dated:         August 27, 2010